504 S.E.2d 654

David F. GRAF, M.D., Plaintiff Below, Appellee,

v.

UNIVERSITY OF WEST VIRGINIA BOARD OF TRUSTEES/WEST VIRGINIA UNIVERSITY, Defendant Below, Appellant.

No. 24761.

Supreme Court of Appeals of West Virginia.

Submitted March 18, 1998.

Decided June 24, 1998.

**420**

Joseph P. Albright, Albright, Bradley & Ellison, Huntington, for Appellant.

James A. Liotta, Tharp, Liotta, Janes & Yokum, Fairmont, for Appellee.

PER CURIAM: [1]

This appeal is brought by appellants, University of West Virginia Board of Trustees and West Virginia University (hereinafter collectively "WVU") from an order of the Circuit Court of Monongalia County. The

order required WVU to promote appellee, Dr. David F. Graf, (hereinafter "Dr. Graf"), to the rank of Professor of Anesthesiology. In this appeal WVU contends that the circuit court committed error by (1) failing to make a proper analysis of the evidence, (2) finding that Dr. Graf was denied a promotion, (3) substituting its judgment for that of an administrative law judge, and (4) failing to fashion an alternative remedy.

## I.

### FACTUAL BACKGROUND

Dr. Graf was hired by WVU as a tenure track assistant professor of anesthesiology, at its School of Medicine, on June 22, 1979. In 1981, the School of Medicine established Promotion and Tenure Guidelines( hereinafter "1981 Guidelines"). Under the 1981 Guidelines, in order to receive promotions and tenure, Dr. Graf was required to demonstrate "excellence" in the areas of teaching and service. He was also required to attain a level of "satisfactory" in the area of research. Under the 1981 Guidelines, Dr. Graf was promoted to the rank of associate professor on July 1, 1983. Additionally, Dr. Graf was granted tenure on July 1, 1985 under the 1981 Guidelines. Subsequent to his 1983 promotion and his being granted tenure under the 1981 Guidelines, Dr. Graf filed an administrative grievance against WVU. That grievance ultimately reached the Court as *Graf v. West Virginia University*, 189 W.Va. 214, 429 S.E.2d 496 (1992), (hereafter "*Graf I*").[2]

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

**2.** On October 17, 1985 Dr. Graf filed an administrative grievance. His grievance alleged that new policies implemented by WVU unfairly restricted his right to engage in an "outside" medical practice. The administrative tribunal agreed with Dr. Graf. The administrative tribunal ruled that the new policies were invalid against him and ruled in his favor. The case proceeded to the circuit court where the administrative tribunal decision was affirmed. In *Graf I*, this Court affirmed the decision of the circuit court "that neither the Medical School nor West Virginia University Medical Corporation had the power to restrict Dr. Graf's moonlighting activities." *Id.*,

189 W.Va. at 220, 429 S.E.2d at 502. We found in *Graf I* that the evidentiary facts proved:

> Dr. Graf was told by his department chairman, Dr. Knapp, when he first accepted his position at WVU Medical School that he could continue to practice emergency medicine away from the University during his off-duty hours. Dr. Graf informed the department chairmen that succeeded Dr. Knapp of his outside activities as well. Dr. Graf's performance of his duties, by all accounts, was excellent; he performed well enough to be granted tenure in 1985. Furthermore, Dr. Graf procured his own malpractice insurance for his outside activities; WVU and WVUMC did not bear any additional cost due to Dr. Graf's moonlighting activities. *Graf*, 189 W.Va. at 217, 429 S.E.2d at 499.

> However, in *Graf I* we reversed and remanded that portion of the circuit court's order which

The central issue in this case involves Dr. Graf's efforts to be promoted to the rank of Professor of Anesthesiology pursuant to the 1981 Guidelines.[3]  By letter dated August 31, 1994 Dr. Graf requested consideration for promotion to full professor.[4]  A second letter dated September 5, 1994 by Dr. Graf indicated he wished to be considered for promotion to full professor under the 1981 Guidelines.[5] Dr. Graf's specific request to be evaluated under the 1981 Guidelines [6] was made as a result of the creation of the 1990 School of Medicine Promotion and Tenure Guidelines (hereinafter "1990 Guidelines").  The 1990 Guidelines required a demonstration of "excellence" in research.  By letter dated September 9, 1994, WVU informed Dr. Graf that he would be evaluated for promotion under the 1990 Guidelines.  Dr. Graf responded to WVU's letter by letter dated September 9, 1994.  Dr. Graf's letter stated:

> I was advised today by Dr. Stullken that I have to be considered for promotion un-

held that Dr. Graf could not recover damages against WVU. Eventually Dr. Graf was awarded in excess of $1 million dollars.  This Court refused WVU's appeal of the award.  Additionally, while the "moonlighting" case was in litigation, WVU attempted to avoid the effects of the initial administrative ruling by revising its regulations so as to prevent Dr. Graf from moonlighting. Dr. Graf filed a second grievance directly relating to the issue of moonlighting.  Dr. Graf prevailed in the second grievance and was awarded over $250,000.00.  This Court refused WVU's appeal of that award.

3.  This appeal is unrelated to *Graf I* and the moonlighting case.

4.  The letter was addressed to Dr. Richard Eller, Chairman of Promotion and Tenure Committee of the Department of Anesthesiology, and stated succinctly:

> In response to your memorandum of August 19, 1994, I request consideration for promotion to Professor of Anesthesiology.
>
> Further correspondence from me on this matter will be forthcoming.

5.  The second letter to Dr. Eller stated:

> This letter will clarify my request for promotion.  I am requesting to be promoted according to the guidelines enumerated in my letter of hire in 1979 and the promotion and tenure Guidelines of the School of Medicine in effect in 1985 when I was granted tenure (Guidelines dated 1981).  Both of these documents were mailed to you on Friday.
>
> Since the 1981 Guidelines do not require external evaluations, I am not submitting a list of names.  My request for promotion is conditional upon no external evaluations being sent out pursuant to the 1981 Guidelines.
>
> It has been reported to me that the School-wide Promotion and Tenure Committee members were instructed to evaluate promotions according to the guidelines that were in effect at the time that a faculty member was granted tenure.
>
> Because of time deadlines, I would appreciate a written response regarding this request at your earliest convenience.
>
> I believe that I meet the criteria for promotion to Professor under the Guidelines in

effect when I was tenured.  Since becoming an Associate Professor in 1983, I have achieved national recognition by receiving external grant funding for several studies in excess of $65,000.  To my knowledge, this exceeds the external funding for all Full (and Associate) Professor Anesthesiologists in the Department from 1983 to the present.

> In addition, I have received national recognition by being elected to serve as the Alternate District Director of the ASA from July 1984 to October 1990, as a Delegate to the ASA from June 1982 to June 1987, and as Secretary Treasurer of the WV State Society of Anesthesiologists from June 1982 to June 1987.
>
> With regard to teaching, you have only to look at the 1985 report of the Departmental Promotion and Tenure Committee to demonstrate the outstanding job that I did as the Director of Medical Student Education of the Department of Anesthesiology.
>
> I have served on many high level committees at the Health Sciences Center since 1983 such as:  Board of Directors of WVU Medical Corporation from July 1, 1984 to November 1986 and its Vice Chairman from July 1, 1986 to November 1986;  member of Joint Conference Committee of WVU Hospitals, Inc.;  and the Promotion and Tenure Committee of Department of Anesthesiology July 1985 to June 1986; September 1991 to present.
>
> I believe that I am the only faculty member who has received national recognition as Board Certified in two Specialties—Emergency Medicine as well as Anesthesiology.
>
> As you well know, I have accomplished all the above with minimal non-clinical time since 1983.  There were years when I had no non-clinical time and in recent years I have received less than almost any other full time faculty member except yourself.
>
> Thank you for your consideration in this matter.

6.  Dr. Graf's brief indicates that he requested his promotion be considered under the 1994–1995 WVU Policies and Procedures, which had essentially the same requirements as the 1981 Guidelines.  However, it is clear from the record that Dr. Graf's request for promotion was made under the 1981 Guidelines.

der the current guidelines. Having been previously advised by the Dean/Vice President that I am not qualified to be promoted under the current guidelines, I decline to be evaluated under the current guidelines.

(Emphasis added).

Dr. Graf sent a second letter dated September 12, 1994 which further clarified his position. Dr. Graf's second letter stated:

> Another reason for my declining to be evaluated under the current system is that to do so would give the current system credence.
>
> Since I have declined to be evaluated under the current system and according to your memorandum the Promotion and Tenure Committee will not evaluate me for promotion, I request to return to the Department of Promotion and Tenure Committee.

(Emphasis added).

On October 7, 1994 Dr. Graf filed the instant administrative grievance requesting that the 1981 Guidelines be used in considering his request for promotion. Dr. Graf charged that the 1990 Guidelines were not properly approved[7] and that application of the 1990 Guidelines violated state due process. Dr. Graf also charged that he was the victim of reprisal, favoritism, discrimination and harassment as a result of the previous *Graf I* and "moonlighting" litigation against WVU.

In a memorandum dated December 1, 1994, WVU's Department of Anesthesiology Departmental Promotion and Tenure Committee recommended denying Dr. Graf a promotion to full professor. By memorandum dated January 18, 1995, the chairman of the Department of Anesthesiology recommended to the Dean of the Department of Anesthesiology that Dr. Graf be denied promotion to full professor.[8]

At the final administrative hearing, Level IV, Dr. Graf's promotion grievance was denied. The ALJ determined that Dr. Graf withdrew the request for promotion. Therefore, WVU did not have an opportunity to decide the issue. Dr. Graf appealed the Level IV decision to the circuit court. By order entered December 23, 1996,[9] the circuit court found:

> 8. The administrative Law Judge was clearly wrong in not concluding that Dr. Graf was improperly denied promotion.
>
> 9. In view of the strong and ongoing evidence presented by Dr. Graf in support of his retaliation claim, and the failure of the respondents to rebut such evidence, it must be concluded that the denial of the promotion violated the W.Va. Const., Art. III, § 17 and the W.Va.Code § 18–29–2 under its "reprisal," "favoritism" and "discrimination" subsections.

The circuit court's order required WVU "promote David F. Graf to the rank of Professor of Anesthesiology, effective July 1, 1995, with his salary, pension contributions and benefits to be increased effective on that date to the level of Professor of Anesthesiology, including any subsequent increases." It is from this order that WVU appeals.

---

7. Dr. Graf contended below and in his brief that the 1990 Guidelines were invalid because it was not approved by the President of WVU during the period it was being used to evaluate him. Dr. Graf's brief argues that the President of WVU did not approve the 1990 Guidelines until 1997.

8. Throughout the litigation WVU has taken the position that Dr. Graf withdrew his request for promotion and that the matter was therefore never acted upon. Dr. Graf has maintained that he did not withdraw his request to be considered for promotion under the 1981 Guidelines; but, that he steadfastly refused to be considered for promotion under the 1990 Guidelines. It is clear that the tenure and promotion committee recommended denying promotion and the department chairman recommended denying promotion. The record does not disclose what promotion guideline was used to make the recommendations. In a letter dated January 10, 1995 Dr. Graf was informed by the chairman of the department that he recommended denying Dr. Graf the promotion. The record is silent as to what position was taken by other officials on the recommendation to deny promotion. It appears that WVU stopped the process and decided to take the litigation position that Dr. Graf withdrew his request for promotion.

9. An amended order was entered on December 30, 1996, wherein the circuit court dismissed all other claims presented by Dr. Graf.

## II.

### STANDARD OF REVIEW

■ This Court reviews appeals from the West Virginia Educational Employees Grievance Board under W.Va.Code § 18–29–7 (1985). W.Va.Code § 18–29–7 provides that a court may set aside a decision of a hearing examiner for the Board if it is arbitrary, capricious, an abuse of discretion, or contrary to law.[10] The scope of review under the arbitrary and capricious standard is narrow. A court is not to substitute its judgment for that of the hearing examiner. In reviewing the decision of an administrative law judge following a Level IV grievance hearing, the circuit court should give deference to such findings. In syllabus point 1 of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989) this Court held that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board made pursuant to W.Va.Code, 18–29–1, et seq. (1985), and based upon findings of fact should not be reversed unless clearly wrong."

## III.

### DISCUSSION

### WVU Did Not Deny Dr. Graf Promotion To Full Professor.

■ The issue we address concerns whether the evidence in this case established that Dr. Graf withdrew his request for a promotion. The administrative law judge found that Dr. Graf withdrew his promotion request and therefore, WVU did not deny Dr. Graf's promotion. The administrative law judge concluded that "[u]ntil [Dr. Graf] is in fact denied a promotion, he has no claim upon which relief can be granted." In contrast, the circuit court ruled that Dr. Graf did not withdraw his request for promotion. The circuit court further ruled that WVU, in fact, denied him promotion. We find the evidence to be ambiguous. It appears that Dr. Graf submitted in writing two separate letters wherein he specifically stated that "he declined to be evaluated". However, during testimony at the administrative level Dr. Graf testified that he did not withdraw his request for promotion. He contended that he merely requested that he not to be considered for promotion under the 1990 Guidelines. There is also evidence in the record that under the 1981 Guidelines Dr. Graf did not have to request consideration for promotion. We do not find this evidence to be dispositive of the issue presented.

■ Dr. Graf failed to prove that WVU denied him promotion to full professor. There is evidence that something occurred regarding the initial promotion request. The promotion and tenure committee as well as the chairman of the department of anesthesiology recommended that Dr. Graf not be promoted to full professor.[11] However, it appears that the recommendation was not acted upon. The dean of the medical school testified that he did not act upon the recommendation. Having heard the testimony and having reviewed all of the evidence, the

10. W.Va.Code § 18–29–7 (1985) provides in full:

The decision of the hearing examiner shall be final upon the parties and shall be enforceable in circuit court: Provided, That either party may appeal to the circuit court of the county in which the grievance occurred on the grounds that the hearing examiner's decision (1) was contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record, or (5) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Such appeal shall be filed in the circuit court of Kanawha

County or in the circuit court of the county in which the grievance occurred within thirty days of receipt of the hearing examiner's decision. The decision of the hearing examiner shall not be stayed, automatically, upon the filing of an appeal, but a stay may be granted by the circuit court upon separate motion therefor.

The court's ruling shall be upon the entire record made before the hearing examiner, and the court may hear oral arguments and require written briefs. The court may reverse, vacate or modify the decision of the hearing examiner or may remand the grievance to the chief administrator of the institution for further proceedings.

11. The record does not indicate what criteria was used to make this recommendation.

ALJ's conclusion that Dr. Graf withdrew his request for a promotion and thus, WVU did not deny Dr. Graf a promotion, was neither arbitrary, capricious, an abuse of discretion nor contrary to law. Thus, we find that it was error for the circuit court to disturb the administrative law judge's finding that WVU did not deny Dr. Graf promotion to full professor. "Evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." *Randolph County Bd. of Educ. v. Scalia,* 182 W.Va. 289, 292, 387 S.E.2d 524, 527 (1989). We therefore reverse the circuit court's order and reinstate the administrative law judge's order dismissing Dr. Graf's promotion grievance for failing to state a claim upon which relief can be granted.[12]

## IV.

### CONCLUSION

In view of the foregoing, the circuit court's order of December 23, 1996 is reversed.

Reversed.

STARCHER, J., deeming himself disqualified, did not participate in the decision of this case.

Judge KEADLE, sitting by temporary assignment.

---

12. In view of this decision, the other assignments of error are moot.